# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENISE BOYCE, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:12-CV-1694-RWS |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be barred by the one-year period of limitations. As a result, the Court will order movant to show cause as to why the motion should not be dismissed.

On November 8, 2007, after pleading guilty to distribution of five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, the Court sentenced movant to 210 months' imprisonment to be followed by five years' supervised release. *See United States v. Boyce*, No. 4:-07-CR-240-RWS (E.D. Mo.). On January 9, 2008, the United States Court of Appeals for the Eighth Circuit summarily disposed of movant's appeal pursuant to Eighth Circuit Rule 47A(b); the mandate issued on January 30, 2008.

Movant seeks relief from her conviction and sentence on the ground that she received ineffective assistance of counsel. In this regard, movant summarily claims that the United States Supreme Court's decisions in *Missouri v. Frye,* 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), constitute new rules of constitutional law that should be retroactively applied to her motion to vacate.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. Movant's direct appeal became final in 2008; however, the instant motion to vacate was not filed until September 1, 2012, the date on which movant indicates she placed the motion in the prison mailing system. Although movant argues that the instant action should be considered timely in light of the Supreme Court's recent decisions in *Frye*[1] and *Cooper*,[2] there is no indication that those cases are relevant to movant's circumstances, and in any event, the cases do not announce new rules of constitutional law, but rather, are simply "an application of the Sixth Amendment right to counsel, as defined in *Strickland*[3] to a specific factual context." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012). As such,

---

[1] In *Missouri v. Frye,* 132 S. Ct. 1399, 1408 (2012), the Supreme Court held that, as a general rule, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."

[2] In *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012) , the Supreme Court held, "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence."

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

the Court will order movant to show cause as to why this action should not be dismissed as time-barred.

Respondent will not be ordered to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within thirty (30) days of the date of this Order as to why her motion to vacate should not be dismissed as time-barred.

Dated this 28th day of September, 2012.

                                                                             _____
                                                                             UNITED STATES DISTRICT JUDGE